## KELLY v. VAN AUSTIN et al.

WHERE, in an action against defendants jointly and not severally liable, a portion only of them are served with process, the Clerk cannot, on the application of plaintiff, enter judgment upon default against the parties served only.  A judgment so entered is void.

The proper course in such case is, to enter judgment against all the defendants, but so as to be enforced against the joint property of all and the separate property of those served.

Where the action is against defendants severally liable, a portion only being served with process, the Clerk can, on application of plaintiff, enter judgment, upon default, against the parties served, without regard to the other parties named in the complaint.

In entering judgments upon default, the Clerk acts in a mere ministerial capacity; exercises no judicial functions; and must conform strictly to the provisions of the statute, or his proceedings will be without any binding force.

APPEAL from the Seventeenth District.

The facts are sufficiently stated in the opinion of the Court, with the exception of the manner in which the point decided was raised in the Court below.   On the trial, plaintiff offered to introduce in evidence the judgment roll in the case of *Kelly* v. *Eves et als.*— being the action on the note referred to. in the opinion—as a foundation for the Sheriff's deed, and then the deed.   Defendants

objected to the roll and deed, on the ground that the judgment as entered was without authority of law and void.  Objection sustained, and the evidence ruled out.  Judgment for defendants. Plaintiff appeals.

*Stewart & Thornton*, for Appellant, cited Prac. Act, secs. 145, 146, 150, and 32.

*Vanclief & Pratt*, for Respondents, cited *Stearns* v. *Aguirre*, 7 Cal. 148 ; Prac. Act, secs. 150 and 32.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is an action to recover possession of certain mining ground situated in Sierra county.  The plaintiff claims title by virtue of a Sheriff's deed, executed upon a purchase at a sale under an execution issued upon a judgment against certain members of a company known as the Bright Star Mining Company ; and the question presented relates to the validity of this judgment.

The action in which the judgment was entered was brought upon a promissory note of the mining company, and the complaint in its title designates twelve persons as composing the company, and in its body avers that they, being jointly indebted to the plaintiff, executed the note to him.  The summons was served only upon eight of the defendants, and on their failure to answer, their default was entered.  Following the default, the Clerk entered a judgment against the parties served for the amount of the principal and interest of the note ; and the objection taken to its validity rests upon his alleged want of authority to enter a separate judgment against a portion of the defendants, the action being upon a joint demand against all.

The objection we think well taken.  The Clerk in entering judgments upon default acts in a mere ministerial capacity.  He exercises no judicial functions.  The statute authorizes the judgment, and the Clerk is only an agent by whom it is written out and placed among the records of the Court.  He must, therefore, conform strictly to the provisions of the statute, or his proceedings will be

without any binding force. (*Stearns* v. *Aguirre*, 7 Cal. 439.) These provisions are very plain, and can be readily followed. If the action be against defendants severally liable, the Clerk can, upon application of the plaintiff, enter judgment, upon default, against the parties served, without regard to the other parties named in the complaint. If the action be against defendants jointly, and not severally liable, and only a portion of them are served, the Clerk can also, upon like application, enter judgment; but in that case it must be entered against all the defendants, and so as to be enforced against the joint property of all, and the separate property of those served. An entry in such case in any other form would be unavailing for any purpose. (Prac. Act, secs. 150 and 32.) The judgment we are considering was entered in an action on a demand upon which the defendants were only jointly liable, and as a consequence, its entry in the form in which it stands was without authority of law and is void. The deed upon which the plaintiff relies of course falls with the judgment, and the Court below ruled correctly in excluding it.

Judgment affirmed.