# WILLIAM T. WALLACE *v.* JAMES ELDREDGE. (No. 1.)

JUDGMENT AFTER DEFAULT.—The Clerk of a Court, in entering a judgment after default, acts in a mere ministerial capacity, and cannot render a judgment granting any relief beyond that warranted by the facts stated in the complaint.

ENTRY OF JUDGMENT BY CLERK AFTER DEFAULT.—If the note sued on is payable in money generally, and the complaint contains a copy of the same, the Clerk cannot, after default, enter a judgment payable in gold coin, although the complaint prays for such judgment.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*Shafter, Goold & Dwinelle,* for Appellant.

*Patterson, Wallace & Stow,* for Respondent.

By the Court, RHODES, J.

The plaintiff commenced an action June 15, 1863, against Eldredge and others upon two promissory notes made by them to the plaintiff, the first of which is in the following form: "$1,500.—San Francisco, September 26, 1860.—One year after date, for value received, we promise to pay to the order of William T. Wallace one thousand five hundred dollars, jointly and severally.   John A. Collier, M. D. Ross, David Crawford, Jr., James Eldredge, by their attorney in fact, Hobart Eldredge;" and the second note is in the same form, except that it is made payable eighteen months after date. The plaintiff in his complaint prayed for judgment for the amount of the promissory notes, "in current gold and silver coin of the United States of America," with interest and costs of suit.   Service of the summons was made upon James Eldredge alone, on the 20th of July, 1863, and his default was entered by the Clerk, August 3, 1863, and on the same day the Clerk entered up judgment by default for the amount of the notes, "in current gold and silver coin of the United States of America," together with interest and costs of suit.

The defendant appeals from the judgment, and the ground of his objection is that it is ordered and adjudged that the plaintiff recover the amount therein specified, in the current gold and silver coin of the United States.

It is provided in section one hundred and fifty of the Practice Act that in an action arising upon contract for the recovery of money or damages only, the Clerk shall, immediately after the entry of the default of the defendant, on application

of the plaintiff, "enter judgment for the amount specified in the summons, including the costs, against the defendant, or against one or more of several defendants, in the cases provided for in section thirty-two."

The plaintiff was entitled to have a judgment entered against Eldredge for the amount due on the notes. The statute pronounces the judgment of the law, arising upon the facts stated in the complaint, in an action upon a contract for the recovery of money, in case the defendant makes default; and that judgment is that the plaintiff recover of the defendant the amount specified in the summons and costs. The Clerk adjudges nothing—can grant no relief—he is merely the hand that enters the judgment of the law. In the language of Mr. Chief Justice Field: "The Clerk in entering judgments upon default, acts in a mere ministerial capacity; he exercises no judicial functions. The statute authorizes the judgment, and the Clerk is only an agent by whom it is written out and placed among the records of the Court. He must, therefore, conform strictly to the provisions of the statutes, or his proceedings will be without any binding force." (*Kelly* v. *Van Austin*, 17 Cal. 564.) The facts stated in the complaint do not show that the money mentioned in the contracts sued on, was made payable in a specified kind of money or currency, and, therefore, it was not the judgment of the law that the plaintiff recover the amount in any specified kinds of money, and for that reason that portion of the entry of the Clerk, specifying the kind of money in which the judgment was to be paid, is void. But that entry did not affect, or in any manner impair the validity of the judgment for the recovery of the money, and is as powerless as would be any unauthorized entry in respect to the obligation or lien of the judgment. *Utile per inutile non vitiatur.*

It is ordered that the cause be remanded with directions to the Court below, to amend the judgment, by striking out that portion of it which specifies the kind of money in which the recovery is had.