[Department Two—September 28, 1883.]

| 64 | 203 |
| 117 | 680 |

HENRY JUNKANS, RESPONDENT, v. JOHN BERGIN, APPELLANT.

JUDGMENT—DEFAULT—PRACTICE.—The clerk cannot enter judgment by default in a joint action against several defendants, unless all of the defendants have been served, and have suffered default. A judgment so entered is void, and may be collaterally attacked.

APPEAL from a judgment of the Superior Court of Trinity County, and from an order refusing a new trial.

The facts appear in the opinion.

*W. J. Tinnin*, and *H. O. & W. H. Beatty*, for Appellant.

*C. E. Williams*, and *White & George*, for Respondent.

THORNTON, J.—This action was brought to quiet title, and judgment was rendered for plaintiff. Defendant's motion for a new trial was denied, and he appealed from the judgment and order denying the motion.

The judgment roll in *Whitmore & Reed* v. *Ah Hoe et al.* was improperly admitted in evidence. The action was a joint one against all the defendants, Ah Hoe, Mon Kong, Ah Juan, Ah Sam, and Charlie Hop Lee. Ah Sam was never served with process, and the action was never dismissed as to him. The judgment was by default, and was entered by the clerk without any action of the court. The judgment was void. The clerk is only authorized to enter judgment by default, such as the one entered herein, when all the defendants have been served and have failed to answer. (§ 585, Code Civ. Proc.) The clerk is a minister or servant of the law, to act in that state of the case in which the law orders him to act. Then only is his action valid. When the *casus legis* does not exist, his entry of judgment is void and of no avail. This very point was determined in *Kelly* v. *Van Austin,* 17 Cal. 565, 566, where, as here, the judgment was collaterally attacked. This ruling has been frequently approved. (See cases cited in notes to *Kelly* v. *Van Austin,* above referred to, in the second edition of 17 Cal. issued in 1872.)

The court therefore erred in admitting the judgment roll and all the other documents in the case above mentioned.

As the above is conclusive against the plaintiff's right to recover, it is unnecessary to pass on the other points made and argued.

Judgment and order reversed and cause remanded for a new trial.

Myrick, J., and Sharpstein, J., concurred.