[No. 11234. Department One. — January 28, 1886.]

JAMES F. WHARTON, Appellant, v. ELISHA HARLAN et al., Respondents.

Judgment by Default — Unauthorized Entry by Clerk — Motion to Set Aside — When can be Made. — The court may at any time set aside a judgment by default entered by the clerk, when it appears upon the face of the judgment roll that the clerk had no power to enter it. In such a case, section 473 of the Code of Civil Procedure, limiting the time within which a motion to set aside a judgment can be made to six months after its entry, has no application.

Id. — Defendants Jointly Liable on Contract — Defaults of — Power of Clerk to Enter Judgment. — In an action against several defendants on their joint contract for the recovery of damages only, the clerk has power, under sections 414 and 585 of the Code of Civil Procedure, to enter the separate defaults of those defendants who have been served with summons and have not answered, and to enter a joint judgment by default against all of those served, although other of the defendants have not been served; but he has no power to enter a judgment by default against a part only of the defendants who have been served and have not answered.

Id. — Motion to Set Aside Default — When must be Made — Surprise. Under section 473 of the Code of Civil Procedure, a motion to set aside the default of a defendant who has been served with summons and has not answered, on the ground of surprise, must be made within six months after the default was entered.

APPEAL from an order of the Superior Court of Fresno County setting aside certain defaults.

The facts are stated in the opinion of the court.

*Lucien Shaw*, and *J. R. Webb*, for Appellant.

The motion to set aside the defaults came too late. (*Estate of Hudson*, 63 Cal. 454; *Hill* v. *Beatty*, 61 Cal. 292; *Ede* v. *Hazen*, 61 Cal. 361; *Hartman* v. *Olvera*, 49 Cal. 101; *Bell* v. *Thompson*, 19 Cal. 707.)

*Hinds & Stewart*, and *Grady & Merriam*, for Respondents.

The judgment entered by the clerk was unauthorized, as it was not against all of the defendants served. (Code Civ. Proc., secs. 414, 585; *Kelly* v. *Van Austin*, 17 Cal.

564; *Junkans* v. *Bergin,* 64 Cal. 203; 1 Parsons on Contracts, 11; Freeman on Judgments, sec. 136.)

McKINSTRY, J. — This is an appeal from an order setting aside the defaults entered against certain of the defendants by the clerk of the Superior Court, for failure to answer.

The motion to set aside the judgment by default was made on the ground of "surprise." The notice of motion was filed and served more than six months after the judgment was entered. As an application under section 473 of the Code of Civil Procedure, it was too late. The application for summary relief by motion must, by the terms of that section, be made within the six months. The application must be made within six months, even though the "mistake, inadvertence, surprise, or excusable neglect" has been caused or brought about by fraud practiced by the party in whose favor the judgment or proceeding was taken. After that period, the question of "mistake," etc. (whatever the remedy in equity), cannot be tried by affidavit.

But where the judgment is void on the face of the roll, is the court debarred from declaring it null by the limitation of time found in section 473 of the Code of Civil Procedure? If not debarred, it is immaterial in what manner the attention of the court is called to its invalidity.

The clause of the sixty-eighth section of the former Practice Act — as the same stood when *Bell* v. *Thompson* 19 Cal. 706, was decided — read:—

"Or [the court] may, upon such terms as may be just and upon payment of costs, relieve a party, or his legal representatives, from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect; when from any cause the summons and the copy of the complaint in an action have not been personally served on the defendant, the

court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within six months after the rendition of a judgment in such action, to answer to the merits of the original action."

In *Bell* v. *Thompson,* Mr. Justice Norton construed the last of the clauses just quoted, and seems to have held that the six months' limitation applied as well where the defendant was not served at all as where the service was by publication, as opposed to "personal" service. The learned judge deemed that he was bound so to hold in deference to prior decisions. However general the language of the opinion, that was the point decided in that case. It will be observed that, as the statute then read, a party was not required by its terms to apply for relief on the ground of "mistake," etc., within the time limited. But the court had held that "after the adjournment of the term, the court loses control of its judgments."

This technical rule as to action during the same term never applied to a pretended judgment in fact void, and could never have applied to statutory judgments entered by the clerk, which may be entered in vacation.

The New York code provides: "The court may likewise, in its discretion, and upon such terms as justice requires, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." In that state it is held that the power to vacate judgment is inherent, and is not limited by this section, which only has reference to ordinary defaults (*Dinsmore* v. *Adams,* 48 How. 274); and that the limitation does not apply to an unauthorized judgment, nor to a judgment entered without service of process. (*Simonson* v. *Blake,* 20 How. 484; S. C., 12 Abb. 331; *Simpson* v. *McKay,* 3 Thomp. & C. 65; *Baldwin* v. *Kimmel,* 16 Abb. 353. See also *Hallett* v. *Righters,* 13 How. 43; 19 Wend. 108; 3 Denio, 257.)

Besides, the very language of the statute, "may relieve

a party" from a judgment, implies a judgment which, if not set aside, may be directly enforced by execution. It is admitted that when the judgment is void the court may perpetually stay execution. It would be difficult to define the distinction, in legal effect, between such an order and one setting aside a judgment in form, entered by the clerk without authority, and which merely incumbers the record of the court.

The judgment considered in *Bell* v. *Thompson* was a judgment by the court. We are not aware that it has been held that a void judgment, entered on default by the clerk, must be attacked by motion within six months.

Moreover, since service of summons may be proved by affidavit, and the proof of non-service may also be by affidavit, thus sometimes making an issue of fact, there may possibly be some reason for sending a defendant into a court of equity in that case which does not apply when the judgment is void for defects appearing in the roll (Code Civ. Proc., sec. 670, subd. 1), and which thus bears on its fact the evidence of its invalidity.

We are convinced that the court may at any time set aside a judgment by default by the clerk when it appears from the roll that the clerk had no power to enter it.

The present action was brought against seventeen defendants (upon their joint contract), sixteen of whom were served with summons. The clerk, on application of the plaintiff, entered the default of eleven of the defendants for failure to answer, and entered a judgment against ten of the eleven.

The power of the clerk to enter a judgment by default is limited to the cases provided for in the first subdivision of section 585 of the Code of Civil Procedure. The subdivision reads: "In an action arising upon contract for the recovery of damages only, if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted the clerk, upon application of the plaintiff, must

enter the default of the defendant, and immediately there-
after enter judgment for the amount specified in the
summons, including the costs against the defendants, or
against one or more of several defendants in the cases
provided for in section 414."

Section 414 is: "When the action is against two or more
defendants jointly or severally liable on a contract, and
the summons is served on one or more, but not on all of
them, the plaintiff may proceed against the defendants
served in the same manner as if they were the only de-
fendants."

Thus since the adoption of the code the clerk is author-
ized to enter default and judgment against those of the
defendants served with process, where others have not
been served, and all the defendants are jointly liable upon
a contract "for the recovery of damages only."

In *Junkans* v. *Bergin,* 64 Cal. 203, as we are assured, the
judgment by default was entered against all the defend-
ants alleged to be jointly liable, as well those served as
those not served.

Section 414 of the Code of Civil Procedure is a substi-
tute for section 32 of the former Practice Act, which
provided: "When the action is against two or more de-
fendants, and the summons is served on one or more,
but not on all of them, the plaintiff may proceed as fol-
lows:—

"1. If the action be against the defendants jointly in-
debted upon a contract, he may proceed against the de-
fendants served, unless the court otherwise direct; and
if he recover judgment, it may be entered against all the
defendants thus jointly indebted, so far only as that it
may be enforced against the joint property of all, and
the separate property of the defendant served; or,

"2. If the action be against defendants severally liable,
he may proceed against the defendants served, in the
same manner as if they were the only defendants."

While the Practice Act was in force, it was held that

when the action was on the joint obligation of two
defendants, and one of them only was served, the clerk
had no power, on default, to enter any other judgment
than that provided for in section 32. (*Stearns* v. *Aguirre*,
7 Cal. 449; *Kelly* v. *Van Austin*, 17 Cal. 564.) In the
cases cited the power of the clerk was referred to sections
32 and 150 of the Practice Act, which correspond to sec-
tions 414 and 585 of the Code of Civil Procedure.

While the sections of the code, however, permit a
judgment by default against one or more less than all
joint debtors, what is said in *Kelly* v. *Van Austin* with
reference to the power of the clerk is still the law. "The
clerk in entering judgment by default acts in a mere
ministerial capacity. He exercises no judicial functions.
The statute authorizes the judgment, and the clerk is only
the agent by whom it is written out and placed among
the records of the court. He must, therefore, conform
strictly to the provisions of the statute or his proceedings
will be without any binding force."

Section 414 of the code authorizes the plaintiff to pro-
ceed against those served (when the liability is joint) as
if they alone were joint obligors. It does not authorize
him or the clerk to treat each one of those served, if
more than one (jointly liable with the others), as if the
contract were his several contract. The defaults of each
may perhaps be separately entered as each becomes due,
but the clerk cannot relieve any of the defendants from
the consequences of his default. · While the defendants
in court cannot now insist that the judgment shall be
against all jointly liable with them, they have a right to
be protected in the interest they still retain that all who
have been summoned and who have failed to answer
shall be made subject to the joint judgment.

The sections of the code do not empower the clerk to
enter a judgment such as was entered by him in this
action, and the court could have properly set it aside.

But the order should be modified. It directs that the

defaults of certain of the defendants shall be set aside. The clerk had jurisdiction to enter the *defaults*, but none to enter the judgment. The application was to set aside the "judgment by default." As we have seen, the application to be relieved of the default on the ground of "surprise" came too late. The plaintiff may still apply for a default against each of the defendants served (who has not appeared), unless he shall demur or answer in the mean time; and in such case, the clerk will have power to enter such defaults. And the clerk will have power, under sections 414 and 585, to enter a joint judgment against the defendants served and defaulted, although other of the defendants named in the complaint have not been served. If the defendants or any of them were misled, or prevented from appearing by the fraud of the plaintiff, they may seek relief in equity within a reasonable time.

The order is reversed, and cause remanded with direction to the court below to set aside the judgment, leaving the defaults standing.

Ross, J., and McKee, J., concurred.