[Civ. No. 5054.   First Appellate District, Division Two.—February 16, 1925.]

MAX ARNOLD et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] NEW TRIAL—MOTION TO SET ASIDE—NOTICE—EVIDENCE—JURISDICTION.—A trial court has no jurisdiction to grant a motion, in whole or in part, to set aside an order granting a motion for a new trial which is entirely regular and proper on its face, where the motion to set aside the order granting a new trial

---

1.  See 20 Cal. Jur. 204.

is made without notice to the adverse parties and no evidence is produced by the moving party showing any infirmity in the order granting a new trial.

(1) 29 Cyc., p. 1029, n. 89.

PROCEEDING in Certiorari to annul an order of the Superior Court of the City and County of San Francisco setting aside an order granting a new trial. Edmund P. Mogan, Judge. Order affirmed.

The facts are stated in the opinion of the court.

Samuel Hamburg and G. C. Ringole for Petitioners.

Rudolph J. Scholz for Respondents.

STURTEVANT, J.—This is an application for a writ of review. An understanding of the application requires a consideration of the following facts: M. E. Geary, as plaintiff, commenced an action against Chris Stafford to obtain the possession of a certain automobile. When he commenced his action the plaintiff executed an affidavit and undertaking, and, together with P. G. Jacobus, Jr., and Gus C. Ringole as sureties, executed an undertaking and caused the sheriff to take into his possession the said automobile. The defendant Chris Stafford appeared and answered and at the same time filed a cross-complaint. In the cross-complaint Stafford set forth that on the seventh day of April, 1923, G. B. Skinner was in the lawful possession of the automobile and requested Stafford to make alterations and repairs; that he did so and that the cost of the alterations and repairs was $849.51, and that at the time of the commencement of the action he held possession of the automobile to secure his lien for the sum mentioned. He also pleaded that he did said work for M. E. Geary, G. B. Skinner, Max Arnold, and Richard Roe. He also pleaded a stated account. The cross-complaint was answered by M. E. Geary, G. B. Skinner, Max Arnold, and Richard Roe. The answer purported to deny each of the allegations of the cross-complaint.

A trial was had by the court sitting without a jury. The trial court made findings in favor of Stafford sustaining his lien. It also found that Max Arnold and G. C. Ringole were

the owners of the automobile, that the alterations and repairs
were made for them and that Skinner acted as the agent of
the owners. Thereupon the trial court directed judgment
in favor of Stafford and against Arnold and Ringole. The
attorney for Stafford prepared a judgment accordingly, but
proceeded to add to what the court had ordered. Among
other things, he added that the record showed the giving of
the undertaking above mentioned, that Jacobus and Ringole
signed the same as sureties, and that unless the mechanic's
lien was fully satisfied Stafford should have judgment
against Jacobus and Ringole for the amount of the lien
found by the court to be $638.90. Thereafter M. E. Geary,
G. B. Skinner, Max Arnold, and Richard Roe served a notice
of intention to move for a new trial. Thereafter they served
a notice that their motion for a new trial would be made on
the eighteenth day of April, 1924. Thereafter said motion
was presented to the court and some days later, May 13,
1924, the judge of the trial court signed an order which was
worded as follows: ''The motion for a new trial in the above-
entitled cause having been duly made, argued and submitted,
and the court being fully advised, it is hereby ordered that
the said motion be and the same is hereby granted upon the
statutory grounds and a new trial of the above-entitled
cause and the whole thereof is hereby ordered.'' Thereafter
Stafford's attorney did, on June 17, 1924, sign and file a
notice that on the twenty-seventh day of June, 1924, he
''would move the court to set aside the order granting a new
trial.'' The notice recited that the motion would be made
upon the ground that no proper notice of intention to move
for a new trial was served upon him and that no notice of
intention to move for a new trial or motion for a new trial
had been served by Jacobus. The record does not show
whether that notice was served. The record does not show
that the notice was supported by any affidavit or any other
showing whatsoever. Neither does the record show whether
said motion was ever made. However, the record contains
another notice of motion dated September 26, 1924, which
gives notice of the making of a similar motion in these
words: ''Said motion will be made upon these further
grounds, which grounds were not noted in the notice of
motion dated June 17, 1924, in the above-entitled matter,
that the order granting a new trial heretofore made and

dated the —— day of ———, 1924, was signed by the court through an inadvertence and that the said court was not at the time fully advised of the contents of said order." The record does not show that said notice of motion was ever served except a memorandum, "Served September 26, 1924, R. J. Scholz," who at that time was attorney for the moving party. The record does not show that said motion was supported by any affidavit or other paper or record of any kind or nature. Thereafter an order was presented to the trial court by Stafford's attorney and appears to have been signed on the sixth day of October, 1924. It recites: "The motion of defendant and cross-complainant Chris Stafford coming on regularly for hearing and the matter being duly argued in open court, and it appearing to the court that the order heretofore made granting a new trial and dated the 13th day of May, 1924, was inadvertently, improvidently made and that the court was not fully advised of the contents of said order, it is hereby ordered, adjudged and decreed that the order granting a new trial heretofore made and dated the 13th day of May, 1924, is hereby vacated, set aside and made of no avail whatsoever, and that the judgment heretofore rendered is in full force and effect, excepting as to P. G. Jacobus, Jr., and G. C. Ringole, sureties in the above-entitled cause and as to them said judgment is vacated and set aside."

Soon after the order last mentioned was signed the petitioners applied to this court for the writ of review hereinabove referred to alleging that the respondent court had exceeded its jurisdiction in entering the purported order dated October 6, 1924.

In the case of *United Railroads* v. *Superior Court,* 170 Cal. 755, at page 760 [Ann. Cas. 1916E, 199, 151 Pac. 129, 132], the court said: "Nothing is more firmly settled in this state than the doctrine that the superior court may not revoke, modify, or otherwise disturb its judgments and orders regularly made in pursuance of plain statutory provision, where the statute prescribes the method by which said judgments and orders may be reviewed, except as authorized by statute. (Citing cases.)" One method provided by statute for reviewing its own orders and the only one which is possibly applicable in the present case is contained in section

473 of the Code of Civil Procedure. In the case of *Scamman* v. *Bonslett,* 118 Cal. 93, 97 [62 Am. St. Rep. 226, 50 Pac. 272], the court said: "Any error or defect in a record occurring through acts of omission or commission of the clerk in entering or failing to properly enter of record the judgment or proceedings of the court—in short, what may be termed clerical misprisions—may, the record affording the evidence thereof, be corrected at any time by the court upon its own motion, or on motion of an interested party either with or without notice. Where, however, an inspection of the record does not show the error, and resort must be had to evidence *aliunde,* courts will require notice to be given of a motion to amend a judgment to the parties to be affected thereby, and a motion for the amendment of a judgment in such last-mentioned case must, under section 473 of the Code of Civil Procedure, be made within six months, except in cases where personal service of summons has not been had, in which cases the court may grant relief within one year after the entry of judgment. (*People* v. *Greene,* 74 Cal. 400, [5 Am. St. Rep. 448, 16 Pac. 197]; *Hegeler* v. *Henckell,* 27 Cal. 495; *Bostwick* v. *McEvoy,* 62 Cal. 502; *Wharton* v. *Harlan,* 68 Cal. 422 [9 Pac. 727].)"

[1] Glancing back over the record before us it is patent that the order granting the motion for a new trial was entirely regular and proper on its face. Without notice to the adverse parties Stafford moved to set aside the order granting a new trial and did not produce any evidence showing any infirmity in the order granting a new trial. Under these circumstances the trial court had no jurisdiction to grant Stafford's motion in whole or in part.

It follows that the order of the trial court dated October 6, 1924, and which purported to amend the order granting a new trial, was void, and the said order dated October 6, 1924, is therefore annulled.

Langdon, P. J., and Nourse, J., concurred.