Antonio Benítez, Manuel Martorell and J. M. Colón, Petitioners, v. District Court of Humacao, Respondent.

No. 537. Argued November 15, 1926.—Decided March 18, 1927.

*Francisco Rodríguez Alvedo* for the petitioners. *González Fagundo & González, Jr.* for the plaintiff in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Edardo Valladares brought an action in the District Court of Humacao against Antonio Benítez, Manuel Martorell and J. M. Colón to recover the sum of $2,363.70, alleging as follows:

"3rd. That Antonio Benítez was awarded, in an open competition, the contract for repairs to Columbia school in Fajardo by The People of Porto Rico, which contract specified the conditions of the work, the proper bond therefor being furnished by contractor Antonio Benítez as principal and Juan Martorell and J. M. Colón as sureties, who bound themselves for the performance of the aforesaid building contract, the said sureties furthermore becoming liable for the payment of all materials bought by principal Benítez for the repairs to the said building.

"4th. That after the bond was given plaintiff Valladares sold and delivered to defendant Benítez building materials for the repairs contracted for to the value of $2,363.70.

"5th. That the defendants have not paid the amount of $2,363.70 due to the plaintiff in whole or in part notwithstanding the demands for payment."

·In order to secure the effectiveness of the judgment to be rendered the plaintiff moved for and secured a writ of

attachment which was levied on a rural property of 69 acres and a lot with two houses thereon belonging to surety Martorell, and a lot with a house thereon belonging to the other surety, Colón.

The defendants demurred to the complaint and after hearing counsel on both sides the court overruled the demurrer and granted the defendants ten days in which to answer.

The ruling of the court was made on June 14, 1926, and it seems pertinent to copy the last paragraph thereof reading as follows:

"Therefore we are of the opinion that the complaint is sufficient, although it would have been better if a transcript or copy of the original bond had been exhibited therewith for better clearness and a complete knowledge of the matter."

On the same day, June 14, the clerk mailed notice of the ruling to the defendants' attorney in Comerío.

On June 25, 1926, the plaintiff made a written request to the clerk of the court that the default of the defendants be noted and judgment entered against them for the reason that they had not answered within the time allowed by the court. The clerk complied with the request on the same day and no evidence was heard. The judgment entered reads in part as follows:

"The default of the defendants herein having been noted on this day and motion for judgment having been made in accordance with the provisions of the Code of Civil Procedure, defendants Antonio Benítez, Manuel Martorell and J. M. Colón are adjudged to pay to plaintiff Edardo Valladares the sum of two thousand three hundred and sixty-three dollars and seventy cents ($2,363.70), the value of the materials mentioned in the complaint, with interest thereon from April 20, 1926, the day of the filing of the complaint, until the said amount is fully paid, with costs and attorney's fees.

"Given under my signature and the seal of the court in Humacao, P. R., June 25, 1926.

"(Signed)   A. Ramírez, Jr.,
"Clerk of the District Court of Humacao, P. R."

On the 24th day of June, 1926, the attorney for the defendants deposited in the post office of Comerío a registered package containing the answer to the complaint. On the envelope there is a postmark indicating that it arrived at Humacao on the 26th of June. The clerk of the court filed the answer on June 28, 1926.

It seems also pertinent to quote the following paragraph from the answer:

"Fourth: They deny the fourth and fifth averments of the complaint.

"AS MATTER OF DEFENSE THE DEFENDANTS ALLEGE:

"1. That Antonio Benítez received the award in the bids for the repairs to the Columbia School of Fajardo, P. R., and the contract thereon was perfected between the contractor and The People of Porto Rico.

"2. That in pursuance of the said contract defendants J. M. Colón and Manuel Martorell gave bond in favor of The People of Porto Rico for the performance of the aforesaid contract, limiting their liability to the sum of $884.23 each.

"3. That defendants Colón and Martorell never authorized the plaintiff to furnish materials to contractor Benítez for a part or the whole of the bond given by them.

"4. That the materials alleged by the plaintiff to have been supplied to defendant Benítez were not used in the work under the contract referred to in the complaint, but in other buildings which were being erected at that time by contractor Benítez which were independent of the liabilities assumed by the defendant sureties.

"5. That the plaintiff has filed a claim in the Department of the Interior for the amount sued for and the claim has not been acted upon by said department."

On June 28, 1926, the defendants by their counsel informed the court in writing that they had just been notified of the default judgment and that they had sent in their answer on the 24th of the same month of June, wherefore they moved the court to set aside the judgment entered by the clerk and open the default.

On August 31, 1926, the plaintiff, alleging that the judg-

ment entered was final, moved that a writ of execution thereof be issued to the marshal. The writ was issued and upon its service on the defendants they filed in this Supreme Court a petition in certiorari which, after stating at length the said facts, alleges:

"Tenth. That the District Court of Humacao erred in overruling the demurrer to the complaint for lack of sufficient facts to show a cause of action.

"Eleventh. That the clerk of the District Court of Humacao went beyond his ministerial functions and erred in entering the default of the defendants, the petitioners herein, in compliance with subdivision 1 of section 194 of the Code of Civil Procedure in force, resting his action thereon on the title of the action.

"Twelfth. That the judgment by default cannot be final because no compliance has been had with the provisions of subdivision two of section 194 of the Code of Civil Procedure.

"Thirteenth. That the plaintiff in civil case No. 11302 for the recovery of money, Edardo Valladares, has acted fraudulently in trying to collect the sum of $2,363.70 for materials furnished for the repairs contracted for, while the account rendered by the plaintiff to the defendant contractor, Antonio Benítez, the petitioner herein, amounts to $1,503.70 as the value of the materials furnished for the aforesaid repairs the object of the contract and secured by the bond of petitioners Manuel Martorell and J. M. Colón."

Among other documents exhibited with the motion were copies of the bonds given by Martorell and Colón.

The writ of certiorari was issued, the parties were heard and the case was thus finally submitted for our consideration and review.

We have given a lengthy statement of the facts because they speak eloquently for themselves. The following question arises strongly from them: Is this a case in which the clerk of the court has authority to enter judgment himself?

Among other questions raised by the plaintiff in the action, by virtue of which capacity he was a party to the certiorari proceeding, and which we shall not consider in writing because from our consideration thereof they do not seem to

be of importance, is the one alleging that the certiorari does not lie because the judge had not acted.

We do not agree. In accordance with section 7 of the Code of Civil Procedure, every court has power "to provide for the orderly conduct of proceedings before it or its officers." In this action where the district court had intervened by taking action on a demurrer in the manner stated, the clerk, an officer of the court under its control intervened and issued the order referred to. The aggrieved party applied to the court, placed himself in its hands, asked for its action and the court did nothing. But the clerk did. Notwithstanding the pendency of the defendants' motion to set aside the judgment and open the default, at the request of the plaintiff and under the authority of the court he issued the writ for execution of the judgment.

Such procedure is illegal. It was the duty of the court to act in the premises. It would have been better if the defendants had insisted when they realized its delay in taking action, but this was not indispensable for the court to take the proper measures to guarantee the rights involved in the litigation.

The clerk necessarily, in the performance of his duty, had to report to the court in regard to the motion to set aside the judgment and open the default, and the court could not remain indifferent and allow its clerk to issue the said writ of execution.

Although our mission should be limited to annulling the writ of execution and remanding the case to the district court for a hearing on the motion to set aside the judgment and to open the default on the merits, it seems pertinent, in the furtherance of justice, to quote the following from a decision of the Supreme Court of California where the governing statute is similar to ours. It reads:

"The sole question presented on this appeal is as to the authority of the clerk of the court on default to enter a judgment in the action, including reasonable attorney's fees. The authority of the clerk of

the court to enter up a judgment where a defendant has defaulted after personal service of summons on him is given by subdivision 1 of section 585 of the Code of Civil Procedure, and quoting from such portion as is material here, provides that 'in an action arising upon contract for the recovery of money and damages only, . . . and no answer has been filed . . . . the clerk, upon application of the plaintiff, must enter the default of the defendant and immediately thereafter enter judgment for the amount demanded in the complaint, including the costs . . . . ' Subdivision 2 of said section provides that 'in other actions, if the defendant has been personally served and no answer has been filed . . . . the clerk must enter the default of the defendant; and thereafter the plaintiff may apply to the court for the relief demanded in the complaint.'

"These embrace the only provisions respecting an entry of judgment upon default made after personal service, and the question is, Was the action upon this promissory note, as far as the claim respecting reasonable attorney's fees is concerned, such an action 'upon contract for the recovery of money or damages only' where judgments shall be entered by the clerk, or did it fall within 'those actions' where the plaintiff must apply to the court for the relief demanded in the complaint? It is, of course, well settled that the authority given the clerk to enter judgment after default is, when properly exercised, a ministerial one solely. His power must be conferred by the statute, and in exercising it he must conform strictly to the provisions of the section or any judgment entered by him will be void. (Kelly v. Van Austin, 17 Cal. 564; Wharton v. Harlan, 68 Cal. 422, 425, (9 Pac. 727); Crossman v. Vivienda Water Co., 136 Cal. 571, 574, (69 Pac. 220); Farrar v. Steenbergh, 173 Cal. 94, (159 Pac. 707). Was the suit in which the judgment herein was entered an action 'upon contract for the recovery of money or damages only' within the purview of subdivision 1 of the section in which the clerk could enter up a judgment as prayed for in the complaint? We are satisfied that it was not.

"While the note provides that reasonable attorney's fees, if insured by the bringing of an action, shall be fixed by the court, we do not attach particular importance to that circumstance. In the view we take of the construction to be put on the subdivision of the code referred to, that particular reference to the court could require no different construction if it were not contained in the note. While it is true that the language used in subdivision 1 of the section is quite broad and authorizes the clerk after default to enter up judgment

in all actions 'arising upon contract for the recovery of money or damages only,' still what is meant by that language is that the contract to warrant the exercise of such authority by the clerk alone in entering judgment must by its terms as set forth in the complaint call for the payment of some fixed and definite sum in money or damages. In the nature of things this provision of the code must be construed to apply to contracts which provide for some definite fixed amount of damages ascertainable from the contract sued on, or from the terms of which a certain computation or calculation may be made by the clerk. As the duty of the clerk is purely ministerial, his power could only be exercised and properly applied in the case of such a contract, and must be limited thereto. If the contract declared on is indefinite and uncertain in the amount of damages which plaintiff is entitled to recover on it, and in the nature of things must be ascertained and fixed, the matter then is necessarily one for judicial determination by the court and not for ministerial action by the clerk. Hence, it must appear from the contract sued on, either from its terms as set forth in the complaint or from the allegations in the latter respecting it, that a definite or liquidated sum of money is to be paid as damages; an amount which is definitely fixed by the contract sued on, or which from the allegations of the complaint may be ascertained by mere computation or mathematical computation by the clerk. When this is the situation the clerk in entering judgment acts simply in a ministerial capacity. Nothing more is required of him than to figure up from the exact data in the contract or in the complaint what plaintiff is entitled to, and, hence an entry of judgment would be authorized under the section. But this is not the situation presented here.

    \*      \*      \*      \*      \*      \*      \*

''An action like this, in so far as it involves a recovery of reasonable attorney's fees under the terms of a note providing therefor in case of suit, is no different from an action brought for the recovery of the reasonable value of goods, wares, and merchandise sold and delivered to the defendant and alleged to be reasonably worth the sum charged; or an action for services rendered to defendant which are alleged to be reasonably worth a certain sum. It is settled, in those cases, that as the contract sued on is not certain or definite as to the amount for which defendant is liable, although the complaint alleges a fixed sum as the reasonable value, a default does not admit the liability to the extent charged, but simply a liability to some extent, and the amount of the recovery is to be determined by the

court to which application must be made therefor, and respecting which the clerk has no right to make entry of judgment. (Burlington & M. R.R. Co. v. Marchand, 5 Iowa, 468, 471; Burlington & M. R.R. Co. v. Shaw, 5 Iowa, 463; Wynne v. Prairie, 86 N. C. 73, 90; also Witt v. Long, 93 N. C. 388, 391; Wolf v. Hamberg, 8 S. C. 82, 84; 1 Black on Judgments, 2d ed., sec. 89, p. 117.)'' *Landwehr* v. *Gillette,* 174, Cal. 654.

By virtue of the foregoing the writ of execution issued **by** the clerk of the district court on September 16, 1926, **must** be set aside and the case remanded to the said district court for further proceedings in accordance with the rules laid down in this opinion.