[L. A. No. 11963.  In Bank.—September 27, 1932.]

L. R. BAIRD, as Receiver, etc., Appellant, v. TOM SMITH, Respondent.

F. C. Heffron and George H. Stone for Appellant.

Lewis Cruickshank, T. W. Rorke and Donald Armstrong for Respondent.

WASTE, C. J.—This is an appeal from an order vacating a default judgment.

The action is one to recover on a promissory note. Defendant was personally served with summons on October 1, 1927. Purporting to act under subdivision 1 of section 585 of the Code of Civil Procedure, and upon application therefor, the clerk of the court below entered the defendant's default. Such default was premature, having been improperly entered one day prior to the expiration of the period within which an answer or demurrer might have been filed. Judgment upon such premature default was not entered by the clerk until three days later, at which time the defendant's answer had been filed. Approximately two years after the entry of such judgment the defendant moved the trial court to vacate the same. From the order granting the requested relief the plaintiff prosecutes this appeal.

There can be no doubt as to the impropriety of the clerk's action in prematurely entering the defendant's default. (Subd. 1, sec. 585, Code Civ. Proc.) █ In the absence of a default *regularly* entered, it was also improper for the clerk to enter a formal judgment at a time subsequent to the filing of the defendant's answer. It is well settled that a plaintiff's failure to have the defendant's default *regularly* entered is an implied grant of further time to the defendant in which to appear in the action. (*Tregambo* v. *Comanche Mill & Min. Co.,* 57 Cal. 501; *Reher* v. *Reed,* 166 Cal. 525, 528 [Ann. Cas. 1915C, 737, 137 Pac. 263]; *Lunnun* v. *Morris,* 7 Cal. App. 710 [95 Pac. 907]; *Mitchell* v. *Banking Corp.,* 81 Mont. 459 [264 Pac. 127].) █ In the instant case the defendant's default never having been regularly entered, his answer filed prior to the clerk's purported entry of the formal judgment must, under the foregoing authorities, be held to have been timely filed, thus precluding the entry of such judgment. This being so, it is essential that we determine the status of said judgment. █ If it is merely voidable, as contended by

the appellant, the vacating order here appealed from must be reversed, for it is elementary that voidable orders and judgments may only be attacked by appeal or by motion made within the six months' period prescribed by section 473 of the Code of Civil Procedure. In the present case the motion to vacate was not made within that period. If, on the other hand, the default and subsequent judgment are void, the order vacating them must be affirmed, for a judgment which is void upon its face is a dead limb upon the judicial tree which may be lopped off at any time. Such a judgment may be set aside by the court at any time, and it is immaterial how the invalidity is called to its attention. (*People* v. *Greene,* 74 Cal. 400, 405 [5 Am. St. Rep. 448, 16 Pac. 197] ; *Wharton* v. *Harlan,* 68 Cal. 422, 425 [9 Pac. 727] ; *Kelly* v. *Van Austin,* 17 Cal. 564.)

Examination of the authorities satisfies us that a judgment entered by the clerk under subdivision 1 of section 585, *supra,* at a time when the defendant's answer is on file and upon a default prematurely taken, is void and may be set aside at any time. The clerk in entering judgments upon default acts in a mere ministerial capacity. He exercises no judicial functions. The statute authorizes the judgment and the clerk is only the agent by whom it is written out and placed among the records of the court. The statute is the measure of his authority. In exercising the power conferred he must conform strictly to the provisions of the statute or his proceedings will be without binding force and any judgment entered by him will be void. (*Kelly* v. *Van Austin, supra; Junkans* v. *Bergin,* 64 Cal. 203, 204 [30 Pac. 627] ; *Landwehr* v. *Gillette,* 174 Cal. 654, 656 [163 Pac. 1018].) This is well stated in Freeman on Judgments, fifth edition, 2666, section 1283, wherein the following appears:

''Consequently in some states provision is made by statute for the entry of a default judgment by him [clerk] in such cases without the intervention of the court. But even here, as in the case of his preliminary entry of default, he acts ministerially and is confined strictly to limitations of the statute. . . .

'' 'The clerk derives all his powers from the statute, and as they are special, no intendments are to be made in support of his act, but in each case it must appear that what

he did was within the authority conferred on him by the statute; and whether the act done by him be considered as purely ministerial or of a mixed nature, partaking of elements both ministerial and judicial, is of no practical importance. The question is, Had he authority to enter the defendant's default and thereupon judgment final against him as the case stood at that time?' If this question is answered in the negative, or in other words, if the clerk had no authority to enter the default, or if, having authority to enter the default, he had no authority to enter judgment thereon, then any judgment entered by him without the direction of the court is void, [citing, among others, many California cases] though there is some authority to the contrary."

Our conclusion that the judgment herein is void and may be set aside at any time finds support in *Reher* v. *Reed, supra.* In that case the plaintiff's answer to the cross-complaint, though tardily presented, was nevertheless filed prior to the clerk's purported entry of default and judgment on said cross-complaint. Though the motion to vacate was there made within thirty-five days after the entry of the default and judgment, this court, in affirming the order vacating the judgment, declared:

"But it was not necessary to resort to section 473 or to determine whether or not, as an application under that section, the grounds were well stated. The clerk is not authorized to enter a default unless no answer has been filed 'within the time specified in the summons or such further time as may have been granted'. (Code Civ. Proc., sec. 585.) When a party, after the time expressly granted for filing a pleading against him has expired, suffers further time to elapse without taking any action thereon, and in the meantime the pleading is served and filed, he, by such conduct, in effect grants the additional time and the party is not strictly in default. The clerk is not authorized to enter a default for failure to file an answer when such answer is on file at the time such default is attempted to be entered. This was expressly decided in *Tregambo* v. *Comanche Co.*, 57 Cal. 501. There the time to answer expired on April 21, 1879. A demurrer was mailed to the clerk on April 20th, but did not reach him until April 29th. The default was entered by the clerk on May

2nd. It was held that the default was not authorized and should have been set aside by the lower court. There is abundance of authority to the same effect in the decisions of other states. . . . It follows that on the face of the record it appeared that the clerk was without authority to enter the default, and, consequently, without authority to enter the judgment. In such a case the court may set aside the judgment of its own motion *at any time,* and it is immaterial how the invalidity is called to its attention. . . . ''

In announcing our conclusion herein we are not unmindful of *Gray* v. *Hall,* 203 Cal. 306 [265 Pac. 246], *May* v. *Hatcher,* 130 Cal. 627 [63 Pac. 33], and *In re Newman,* 75 Cal. 213 [7 Am. St. Rep. 146, 16 Pac. 887], relied on by the appellant in support of his contention that the judgment here involved is voidable only, and now immune from attack. The cited cases are readily distinguishable from the case at bar. There is a marked difference between a default judgment entered by the court under subdivision 2 of section 585, *supra,* and one entered by the clerk under the first subdivision of the section. In the cited cases the judgments were entered by the court and not by the clerk. They were cases in which a clerk's judgment was not authorized. Having jurisdiction of the parties and of the subject matter of the litigation, any impropriety in the *court's* entry of judgment constituted, at most, but an erroneous exercise of jurisdiction. In such a case there is not an absence of jurisdiction, only an irregular or erroneous exercise of it. (*Gray* v. *Hall, supra.*) A judgment entered by a court under such circumstances is therefore merely voidable, and not void, and can only be attacked by appeal or motion made within six months thereafter. However, where a clerk purports to enter a default and judgment prematurely, or otherwise exceeds the limited power conferred upon him by the statute, there is an entire absence of jurisdiction and his action, as already shown, is a nullity and open to attack at any time.

*Spaulding & Co.* v. *Chapin,* 37 Cal. App. 573, 576 [174 Pac. 334], one of the authorities relied on by the appellant as supporting a contrary conclusion, recognizes that a judgment entered by a clerk in excess of his authority is void. It is there stated: ''In support of this position we are

reminded that the clerk in entering a judgment acts merely in a ministerial capacity, and unless he confines himself strictly within the statute, his acts can have no binding force. It is true that the clerk exercises no judicial functions, and that no intendments can be indulged in support of the validity of his acts. The statute directs the judgment. The clerk acts as t*h*e agent of the statute. *If the law does not authorize the act, the judgment is without authority and is void.* If, however, in a case where the authority of the clerk is undoubted and he errs, his act is not void, but only erroneous. His error can be corrected on motion made in time or on appeal.'' This principle finds expression in *Bond* v. *Pacheco,* 30 Cal. 530, 534, 536, also cited by appellant. In that case the clerk in entering a default judgment erred in computing the amount thereof. In declaring the judgment to be voidable only, this court said that ''There was simply an error in amount, and not a judgment in a case, or of a character, which the clerk was not authorized to enter. . . . There is no want of jurisdiction over the subject matter, but only an error in its exercise.'' Such a case is distinguishable from the one at bar. In the instant case the clerk entered a default and judgment when not authorized by the statute. This constituted an excess of jurisdiction and not an erroneous exercise thereof.

*Hallock* v. *Jaudin,* 34 Cal. 167, *Christerson* v. *French,* 180 Cal. 523 [182 Pac. 27], and *Jones* v. *Moers,* 91 Cal. App. 65 [266 Pac. 821], contain nothing suggesting a conclusion other than that herein announced. None of those cases presented circumstances indicating an excess of jurisdiction on the part of the clerk in entering a default and judgment.

The judgment entered in *California Casket Co.* v. *McGinn,* 10 Cal. App. 5 [100 Pac. 1077], was not invalid on its face, as is the judgment here. At the time the clerk there entered the default and judgment, the affidavit of service of summons then on file indicated that the defendant's time to answer had expired. The judgment being valid on its face, the appellate court in reversing the order vacating it based its decision on the ''rule of universal application that a court will not set aside a judgment *valid on its face,* in a case where it had jurisdiction, except the party desiring to be relieved makes at least an apparent

showing of honesty and good faith by showing that he has a defense to the action on its merits". Moreover, an examination of the opinion in the cited case clearly indicates that the appellate court did not have in mind the distinction between a default judgment entered by the clerk and one entered by the court. This is apparent upon a reading of the opinion wherein repeated reference is made to the entry of judgment by the "court", though the case was of such a nature that the judgment could have been, and probably was, entered by the clerk. Of course, if the judgment was, in fact, entered by the court the case would then fall within the rule announced in *Gray* v. *Hall, supra,* and would be of no assistance to the appellant, for reasons already stated. On the other hand, if the judgment was entered by the clerk, the decision should not be held to be binding here, for, as already stated, the appellate court therein failed to recognize or discuss the distinction above pointed out.

The fact that the clerk in entering a default and judgment is, in effect, the agent of and acting for the court, does not alter our conclusion. As already stated, he performs a purely ministerial function. He can only enter judgment upon a default duly and regularly entered. His premature entry of such default and judgment constitutes an excess of the very limited jurisdiction conferred upon him, and is a nullity. The default and judgment here entered were, as already shown, premature and void. Being void, they may properly be set aside by the court at any time, regardless of how the invalidity is brought to its attention. And, its jurisdiction and duty to set such a default and judgment aside is not affected by the character of the defendant's answer to the complaint.

It necessarily follows that the order vacating the default and judgment herein must be and it is hereby affirmed.

Shenk, J., Seawell, J., Curtis, J., Tyler, J., *pro tem.,* and Langdon, J., concurred.

PRESTON, J., Concurring.—I concur in the conclusion and judgment, but I think this cause serves to make clear the error the court fell into in *Gray* v. *Hall,* 203 Cal. 306 [265 Pac. 246], and that that case should be overruled.

The attempt in the present case to distinguish the effect of a judgment prematurely entered by the clerk from one at the same time entered by the court itself does not appeal to me as having any substance in it. Jurisdiction of the same grade is wanting in each instance. My views are expressed at length in a dissenting opinion in the Hall case and after further deliberation I adhere to the position there taken. Happily, however, the decision here partially counteracts the injury that may hereafter result from the Hall case.