ANTONIO BENÍTEZ, MANUEL MARTORELL y J. M. COLÓN, peticionarios, *v.* LA CORTE DE DISTRITO DE HUMACAO, HON. GABRIEL CASTEJÓN, JUEZ, demandado.

No. 537.—*Visto:* Noviembre 15, 1926. *Resuelto:* Marzo 18, 1927.

1. EJECUCIÓN—NATURALEZA Y REQUISITOS SUBSTANCIALES *(Essentials)* EN GENERAL—DE LAS SENTENCIAS OBJETO DE EJECUCIÓN—SUFICIENCIA DE LAS MISMAS PARA SOSTENER LA EJECUCIÓN.—En este caso se interpuso demanda en cobro de dinero por materiales tomados para la construcción de cierta obra dirigiéndola contra el contratista y sus fiadores; los demandados la excepcionaron y la corte declaró sin lugar la excepción, concediendo un plazo para contestar. La contestación fué enviada pero se radicó poco después de vencido el término. Entre tanto el secretario, a gestión del demandante anotó la rebeldía del demandado y dictó sentencia en su contra por toda la cantidad. Inmediatamente los demandados pidieron a la corte que anulara la sentencia del secretario. Dos meses después, sin que la corte hubiera resuelto la moción de nulidad, el secretario expidió orden de ejecución de su sentencia. *Se resolvió:* que la actuación del secretario fué ilegal y se anuló la orden de ejecución, devolviéndose el caso para que el juez continuara el conocimiento del mismo de acuerdo con los principios establecidos en la opinión.

2. SENTENCIA—EN REBELDÍA— REQUISITOS Y VALIDEZ— PRECEPTOS ESTATUTORIOS —INTERPRETACIÓN.—Si bien el lenguaje usado en el inciso 1 del artículo 194 del Código de Enjuiciamiento Civil es bastante amplio y autoriza al secretario, después de anotar la rebeldía del demandado, a registrar sen-

tencia en todos los pleitos "que nazcan de un contrato sobre pago de dinero o para obtener perjuicios solamente", sin embargo, lo que significa es que el contrato, para justificar que el secretario, al anotar sentencia, ejerza tal autoridad, debe ser, por sus propios términos, según se desprende de la demanda, sobre pago de cantidad fija y determinada de dinero o para obtener perjuicios; de otra manera la cuestión tiene que ser necesariamente dilucidada por la corte.

3. SENTENCIA—EN REBELDÍA—REQUISITOS Y VALIDEZ—DEL EFECTO DE LA REBELDÍA—RESPONSABILIDADES QUE ADMITE—IMPORTE O CANTIDAD DEBIDO O ADEUDADO.—En pleito en cobro de una suma por el valor de mercancías o efectos vendidos y entregados al demandado, que se alega razonablemente valen la suma cargada por ellos, el contrato no es específico o definido en cuanto a la cantidad de la cual tiene que responder el demandado, y aún cuando la demanda alegue una suma determinada como el valor razonable, la rebeldía no admite la responsabilidad hasta el límite alegado, sino hasta cierto límite, y la cantidad a recobrar debe ser fijada por la corte.

CERTIORARI para revisar orden sobre ejecución de sentencia librada por el secretario a gestión de parte y bajo la autoridad de la corte hallándose pendiente petición sobre nulidad de la sentencia y apertura de rebeldía. *Anulada* la orden.

*Francisco Rodríguez Alveno,* abogado de los peticionarios; *González Fagundo & González, Jr.,* abogados del demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

[1] Edardo Valladares demandó en la Corte de Distrito de Humacao a Antonio Benítez, Manuel Martorell y J. M. Colón en cobro de $2,363.70, basándose en los siguientes hechos:

"3o.—Que en virtud de subasta pública le fué adjudicada al contratista Antonio Benítez aquí demandado, la buena pro para la reparación de la escuela Columbia en Fajardo, habiéndose otorgado el correspondiente contrato de construcción entre el señor Benítez y el Pueblo de Puerto Rico, en virtud del cual debía regirse la reparación de dicha obra, habiéndose asimismo suscrito la correspondiente fianza por el contratista Antonio Benítez como principal y Manuel Martorell y J. M. Colón como fiadores, quienes deberían responder del cumplimiento del contrato de construcción antes mencionado, siendo además responsables dichos fiadores del pago de todos los materiales que el principal señor Benítez tomara para la reparación del edificio objeto del contrato.

"4o.—Que después de haberse prestado la fianza de referencia, el demandante señor Valladares vendió y entregó al demandado Benítez, materiales de construcción para la reparación de la obra objeto del contrato por valor de $2,363.70.

"5o.—Que los demandados no han pagado los $2,363.70 adeudados al demandante en todo ni en parte a pesar de dichos requerimientos."

Para asegurar la efectividad de la sentencia que pudiera dictarse, el demandante solicitó y obtuvo el embargo de los siguientes bienes: una finca rústica de 69 cuerdas y un solar con dos casas pertenecientes al fiador Martorell, y un solar con una casa perteneciente al otro fiador Colón.

Los demandados excepcionaron la demanda y la corte después de oir a los abogados de ambas partes declaró la excepción sin lugar, concediendo a los dichos demandados diez días para contestar.

La resolución de la corte se dictó el 14 de junio de 1926, y parece conveniente copiar el último párrafo de la misma que dice:

"Entendemos pues que la demanda es suficiente, aunque hubiera sido mejor transcribir o acompañar copia de la fianza original para mayor claridad y conocimiento completo del asunto."

El propio día 14 de junio el secretario notificó por correo, en sobre dirigido al abogado de los demandados, residente en Comerío, la indicada resolución.

El 25 de junio de 1926, el demandante dirigió un escrito al secretario de la corte pidiéndole que anotara la rebeldía de los demandados y dictara sentencia contra ellos por no haber presentado su contestación dentro del plazo que les concediera la corte. Y así lo hizo el secretario el mismo día, sin que se oyera prueba de ninguna especie. La sentencia dictada, en lo pertinente, dice así:

"Habiéndose anotado la rebeldía de los demandados en este caso con fecha de hoy, y habiéndose solicitado se dicte sentencia de acuerdo con lo que determina el Código de Enjuiciamiento Civil

vigente, se accede a lo solicitado, y en su virtud se condena a los demandados Antonio Benítez, Manuel Martorell y J. M. Colón, a pagar al demandante Edardo Valladares, la suma de dos mil trescientos sesenta y tres dollars con setenta centavos ($2,363.70), importe de los materiales alegados en la demanda, con más los intereses legales de dicha suma desde el 20 de abril de 1926, fecha de la interposición de la demanda, hasta su completo pago, con las costas y honorarios de abogados.

"Dada bajo mi firma y sello de la Corte, en Humacao, P. R., a 25 de junio de 1926.

> "(fdo.)     A. Ramírez, Jr.,
> "Secretario Corte Distrito, Humacao, P. R."

Un día antes, el 24 de junio de 1926, el abogado de los demandados había depositado en la estación de correos de Comerío un sobre certificado conteniendo la contestación a la demanda. En el sobre hay un sello que indica haber llegado a Humacao el 26 de junio. El secretario de la corte radicó la contestación el 28 de junio, 1926.

Parece conveniente también transcribir los siguientes párrafos de la contestación:

"Cuarto: Niegan el hecho cuarto y quinto de la demanda.

"COMO MATERIA CONSTITUTIVA DE DEFENSA LOS DEMANDADOS ALEGAN:

"1. Que en virtud de subasta pública le fué adjudicada al contratista Antonio Benítez la buena pro para la reparación y reforma a la escuela Columbia de Fajardo, P. R., y se formalizó contrato entre el contratista y el Pueblo de Puerto Rico.

"2. Que en virtud de dicho contrato los demandados J. M. Colón y Manuel Martorell suscribieron fianzas a favor del Pueblo de P. R. para responder al cumplimiento del aludido contrato, limitando sus responsabilidades a la suma de $884.23, cada uno.

"3. Que los demandados señores Colón y Martorell nunca, ni en ninguna época autorizaron al demandante para suministrar materiales al contratista señor Benítez ni en parte ni en la totalidad de la fianza por ellos prestada.

"4. Que los materiales que alega el demandante fuéronle suministrados al demandado señor Benítez no han sido utilizados en la obra objeto del contrato que se alega en la demanda, y sí en otras construcciones que en esa fecha llevaba a cabo dicho contratista se-

ñor Benítez y las cuales eran independientes de las obligaciones de los fiadores demandados.

"5. Que el demandante ha hecho una reclamación al Departamento del Interior sobre la cantidad reclamada en la demanda y la misma está pendiente de resolución en dicho Departamento."

El 28 de junio, 1926, los demandados por su abogado dirigieron a la corte un escrito alegando que acababan de ser notificados de la sentencia en rebeldía y que ellos habían enviado su contestación el 24 del propio mes de junio, motivo por el cual le pedían que anulara la sentencia dictada por el secretario y abriera la rebeldía.

El anterior escrito, al que se acompañó un *affidavit* de méritos, se radicó en la corte el 30 de junio sin que la corte tomara acción alguna sobre el mismo.

El 31 de agosto, 1926, el demandante alegando que la sentencia dictada era firme, pidió que se librara orden de ejecución de la misma al márshal. La orden fué librada y al recibirla los demandados presentaron a esta Corte Suprema una petición de *certiorari,* en la que después de referirse extensamente los hechos que dejamos expuestos, se alega:

"Décimo: Que la Corte de Distrito de Humacao cometió error al declarar sin lugar la excepción previa a la demanda de que ésta no aduce hechos suficientes para determinar una causa de acción.

"Décimo primero: Que el Secretario de la Corte de Distrito de Humacao se excedió en sus funciones ministeriales y cometió error al anotar la rebeldía de los demandados, aquí peticionarios, de acuerdo con el inciso primero del art. 194 del Código de Enjuiciamiento Civil vigente, tomando como base para ello el título de la acción.

"Décimo segundo: Que la sentencia en rebeldía no puede ser firme toda vez que no han llenado los requisitos requeridos por la ley en el inciso segundo del art. 194 del Código de Enjuiciamiento Civil vigente.

"Décimo tercero: Que el demandante en el caso civil No. 11,302 sobre Cobro de Dinero, Sr. Edardo Valladares ha cometido fraude al cobrar la suma de dos mil trescientos sesenta y tres dólares con

setenta centavos ($2,363.70) como importe de los materiales sumi-
nistrados para la reparación de la obra objeto del contrato, siendo
la cuenta rendida por dicho demandante al demandado contratista,
y aquí peticionario Sr. Antonio Benítez, la suma de un mil quinien-
tos tres dólares con setenta centavos ($1,503.70) como importe de
los materiales suministrados para la reparación de dicha obra ob-
jeto del contrato y garantizada por los peticionarios fiadores señores
Manuuel Martorell y J. M. Colón."

Entre otros documentos se acompañaron a la petición
copias de las fianzas prestadas por Martorell y Colón.

El auto de *certiorari* fué expedido, se oyó a todas las
partes interesadas y así el caso quedó definitivamente some-
tido a nuestra consideración y revisión.

Hemos narrado con cierta amplitud los hechos porque
creemos que ellos hablan de modo elocuente por sí mismos.
De ellos surge vigorosa la siguiente interrogación. ¿Es éste
un caso en el que el secretario de la corte tiene autoridad
para dictar por sí solo una sentencia?

Entre otras cuestiones que suscita la parte demandante
en el pleito que como tal intervino en el *certiorari* y que no
nos detendremos a examinar por escrito porque del estudio
que de ellos hemos hecho estamos convencidos de que care-
cen de importancia, está la de que el *certiorari* no procede
porque aquí el juez no ha actuado.

No estamos conformes. De acuerdo con el artículo 7 del
Código de Enjuiciamiento Civil toda corte de justicia tiene
poder "para disponer que se tramiten con arreglo a la ley
los procedimientos seguidos ante ella o ante sus funciona-
rios." En este pleito en el que la corte de distrito había
intervenido resolviendo una excepción previa en la forma
que conocemos, intervino el secretario, un funcionario de la
corte sujeto a su dirección, dictando la sentencia que también
conocemos. La parte agraviada se dirigió a la corte, puso
su suerte en sus manos, le pidió que actuara y la corte nada
hizo. Pero sí el secretario. Este, no obstante hallarse pen-
diente la petición de los demandados solicitando la nulidad

de la sentencia y la apertura de la rebeldía, a gestión de la parte demandante y bajo la. autoridad de la corte libró la orden de ejecución de la sentencia.

Tal procedimiento es ilegal. La corte debió haber actuado. Hubiera sido mejor que los demandados hubieran insistido al darse cuenta de su tardanza en actuar, pero no había necesidad ineludible de dicha posterior gestión para que la corte tomara las medidas oportunas para garantizar los derechos envueltos en el pleito.

El secretario tuvo necesariamente, en el cumplimiento de su deber, que dar cuenta a la corte con la petición de nulidad y apertura de rebeldía y la corte no pudo permanecer indiferente y permitir que su secretario expidiera la repetida orden de ejecución.

[2, 3] Aunque nuestra misión debe limitarse a anular la orden de ejecución y a devolver el caso para que la corte de distrito conozca de la petición de nulidad y apertura de rebeldía y la resuelva por sus méritos, nos parece conveniente en bien de la justicia transcribir lo que sigue que tomamos de una decisión de la Corte Suprema de California donde rige un estatuto igual al nuestro. Es así:

"La única cuestión que presenta esta apelación se refiere a la autoridad del secretario de la corte para registrar una sentencia en rebeldía en el caso, incluyendo una suma razonable por concepto de honorarios de abogado. La autoridad del secretario de la corte para registrar una sentencia cuando el demandado no ha comparecido, después de haber sido emplazado personalmente, le es conferida por el inciso primero del artículo 585 del Código de Enjuiciamiento Civil, el cual dispone, en lo pertinente. como sigue: 'En un pleito que nazca de un contrato sobre pago de dinero o para obtener perjuicios solamente, . . . si no se hubiere presentado la contestación, . . . el secretario, a instancia del demandante, deberá hacer constar la rebeldía del demandado y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la demanda, incluyendo las costas . . .' El inciso 2 de dicho artículo dispone que 'en otros pleitos, si el demandado ha sido emplazado personalmente y no hubiere presentado su contestación . . .

deberá el secretario tomar razón de la rebeldía del demandado; después de lo cual podrá el demandante solicitar que se le conceda lo pedido en la demanda.'

''Estas abarcan las únicas disposiciones referentes al registro de sentencias en rebeldía hecho después de emplazarse personalmente al demandado, y la cuestión es: ¿Era el pleito basado en este pagaré, en lo que se refiere a la reclamación de una suma razonable por concepto de honorarios de abogado, un pleito que 'nació de un contrato sobre pago de dinero o para obtener perjuicios solamente,' casos en los cuales el secretario puede anotar en el récord de la corte la sentencia, o es éste uno de 'aquellos pleitos' en que el demandante debe solicitar de la corte que se le conceda lo pedido en la demanda? Desde luego, se ha resuelto ya que la autoridad del secretario para registrar sentencias después de haberse anotado la rebeldía del demandado, cuando se ejerce debidamente, es enteramente ministerial. Tal autoridad del secretario debe ser conferida por la ley, y al ejercerla, debe cumplir estrictamente con las disposiciones del artículo, o, de lo contrario, cualquier sentencia anotada por él será nula. (Kelly v. Van Austin, 17 Cal. 564; Wharton v. Harlan, 68 Cal. 422, 425, 9 Pac. 727; Crossman v. Vivienda Water Co., 136 Cal. 571, 574, 69 Pac. 220; Farrar v. Steenbergh, 173 Cal. 94, 159 Pac. 707. ¿Era el pleito en que se registró sentencia uno que 'nació de un contrato sobre pago de dinero o para obtener perjuicios solamente,' dentro del espíritu del inciso primero de dicho artículo, en el cual el secretario podía anotar una sentencia según se solicitaba en la demanda? Estamos convencidos de que no lo era.

''Si bien el pagaré dispone que se concederá una suma razonable por concepto de honorarios de abogado ·en caso de que hubiera que proceder judicialmente, suma que debía ser fijada por la corte, no damos importancia especial a ese extremo. De acuerdo con la opinión que tenemos de la interpretación que debe darse al inciso del código que hemos citado, la mención especial que de la corte se hace no exige que se dé una interpretación distinta a la que se le daría si el pagaré nada hubiera dispuesto sobre el particular. Si bien es verdad que el lenguaje usado en el inciso primero de dicha sección es bastante amplio y autoriza al secretario, después de anotar la rebeldía del demandado, a registrar sentencia en todos los pleitos 'que nazcan de un contrato sobre pago de dinero o para obtener perjuicios solamente,' sin embargo, lo que significa es que el contrato, para justificar que el secretario, al anotar sentencia,

ejerza tal autoridad, debe ser, por sus propios términos, según se desprende de la demanda, sobre pago de una cantidad fija y deter-. minada de dinero o para obtener perjuicios. Esta disposición del código debe ser interpretada en el sentido de aplicarla a contratos que envuelvan una suma específica por concepto de perjuicios, la cual se habrá de determinar del contrato sobre el cual se demanda, o de cuyas condiciones el secretario puede hacer cierta computación o cálculo. Como el deber del secretario es puramente ministerial, su autoridad únicamente puede ser ejercida y aplicada debidamente cuando se trata de tales contratos, y debe limitarse a los mismos. Si el contrato es indefinido y dudoso en lo que concierne a la cantidad de perjuicios solicitados por el demandante y tiene que ser determinada y fijada por la naturaleza del caso, la cuestión entonces tiene necesariamente que ser dilucidada por la corte, y no por la acción ministerial del secretario. Por tanto, del contrato debe aparecer, ya sea de sus condiciones, según se desprende de la demanda, o de las alegaciones que ésta contiene, que una suma fija o líquida debe ser pagada por concepto de perjuicios; una cantidad que es fijada definitivamente por el contrato, o que, según las alegaciones de la demanda, pueda ser determinada por meros cálculos matemáticos hechos por el secretario. Cuando ésta es la situación, el secretario, al anotar sentencia, actúa meramente en su carácter ministerial. No se le exige otra cosa que determinar y calcular, de acuerdo con los detalles exactos del contrato o de la demanda, la cantidad a que el demandante tiene derecho, y, por consiguiente, de acuerdo con dicho artículo el secretario estaría autorizado a registrar sentencia. Pero ésta no es la situación que este caso nos presenta.

    ❊      ❊      ❊      ❊      ❊      ❊      ❊

"Un caso como éste, en lo que se refiere al cobro de una suma razonable por concepto de honorarios de abogado, según los términos de un pagaré que así lo estipula en caso de tenerse que proceder judicialmente, no es distinto a un pleito en cobro de una suma por el valor razonable de ciertas mercancías o efectos vendidos y entregados al demandado y que, según se alega, razonablemente valen la suma que se ha cargado por ellos, o de un pleito por servicios prestados al demandado que se alega valen razonablemente determinada cantidad. Se ha resuelto ya que en tales casos, como el contrato no es específico o definido en cuanto a la cantidad de la cual tiene que responder el demandado, aunque en la demanda se alegue una suma determinada como el valor razonable, la rebeldía no admite la responsabilidad hasta el límite alegado, sino simplemente

una responsabilidad hasta cierto límite, y la cantidad a recobrar debe ser fijada por la corte, a la cual debe hacérsele la solicitud correspondiente, y respecto a la cual el secretario no tiene derecho a anotar una sentencia. (Burlington & M. R. R. Co. v. Marchand, 5 Iowa, 468; 471; Burlington & M. R. R. Co. v. Shaw, 5 Iowa, 463; Wynne v. Prairie, 86 N. C. 73, 90; y además, Witt v. Long, 93 N. C. 388, 391; Wolf v. Hamberg, 8 S. C. 82, 84; 1 Black on Judgment, 2a. ed., sec. 89, página 117).'' Landwehr v. Gillette, 174 Cal. 654.

Por virtud de todo lo expuesto *debe anularse la orden de ejecución expedida* por el secretario de la corte de distrito el 16 de septiembre de 1926, y devolverse los autos a la dicha corte de distrito para que continúe actuando de acuerdo con los principios establecidos en esta opinión.