822

Pablo Trucharte, demandante y apelante, *v.* Bernardo Fernández Porrero, Francisco Marchán Sicardó como albacea testamentario de Rosalía Martínez Llonín y la Sucn. de ésta compuesta de José Martínez Llonín, Bernardo Fernández Porrero, Dolores y José B. Martínez Torres y Pío Martínez Díaz, demandados y apelados.

No. 5313.—*Sometido:* Enero 10, 1933. *Resuelto:* Marzo 28, 1933.

*H. R. Francis* y *M. Cruz Horta,* abogados del apelante; *H. Torres Solá,* abogados de los apelados.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este pleito se inició por Pablo Trucharte contra Bernardo Fernández, por demanda radicada en abril de 1924. En marzo de 1926 se archivó una demanda enmendada y otra en mayo siguiente. Muerta la esposa del demandado doña Rosalía Martínez, el demandante en octubre 1927 presentó otra de-

manda enmendada incluyendo como partes demandadas al demandado original, a Francisco Marchán, albacea de Rosalía Martínez, y a José Martínez, Bernardo Fernández, Dolores, José B. y Pío Martínez, componentes de su Sucesión. No fué ésa la última demanda enmendada: otra se presentó en noviembre de 1928, contra la cual formuló excepciones previas en diciembre siguiente el demandado Bernardo Fernández. Las dichas excepciones figuran a las páginas 135 y 136 de la transcripción y a las páginas 136 y 137 de la misma aparece una sentencia que copiada a la letra dice:

"Vista la moción sobre anotación de rebeldía presentada por el demandante en este caso, y apareciendo de los autos que la demandada Sucesión de Rosalía Martínez Llonín, compuesta de José Martínez Llonín, Bernardo Fernández Porrero, Dolores Martínez Torres, José B. Martínez Torres, y Pío Martínez Díaz, no han introducido alegación alguna en este caso, ni pedido prórroga para hacerlo.

"El Secretario que suscribe, luego de tomar razón de la rebeldía de dichos demandados, registra sentencia condenándoles a pagar al demandante la suma de Catorce Mil Dólares, intereses legales desde esta fecha, y sin especial condena de costas.

"San Juan, P. R., diciembre 27 de 1928. (fdo.) L. Vergne Ortiz, Secretario, (f) P. del Manzano, Subsecretario."

Las excepciones formuladas por el demandado Bernardo Fernández fueron declaradas sin lugar en enero de 1929 y el dicho demandado archivó entonces su contestación negando la existencia del convenio alegado en la demanda. Consta que el juicio se señaló para noviembre de 1929, pero no si llegó a celebrarse.

Esto en cuanto al demandado Bernardo Fernández. En cuanto a la sentencia en rebeldía registrada por el Secretario contra la Sucesión de la esposa fallecida del dicho demandado, de la cual forma parte el propio demandado Bernardo Fernández, aparece de los autos que fué anulada por la Corte de Distrito en marzo 17, 1930, a virtud de moción que le presentara la indicada Sucesión, después de oídas todas las partes interesadas. El presente recurso se interpuso contra la resolución anulatoria de marzo 17, 1930.

■ Lo pertinente de los hechos en que se funda la acción que se ejercita es como sigue:

"Primera causa de acción.—2. Que el demandado Bernardo Fernández Porrero era dueño, allá por los meses de julio y agosto de 1923, de varios bienes raíces situados en . . .

"3. Que allá por la época mencionada en el párrafo anterior, el demandante y el demandado celebraron un convenio, en el cual el demandado convino en nombrar y nombró al demandante su agente para gestionar la venta de todos los bienes raíces del demandado, situados en . . .; autorizando al demandante a gestionar la venta de todos los repetidos bienes por el precio de $40,000.00, obligándose el demandado a pagar al demandante, siempre y cuando éste agenciare la repetida venta, la suma de $5,000.00, y además, el valor de todo lo que se agenciara con el demandante, o sea el sobrante o ventaja adicional a los $40,000.00 que consiguiera el demandante en el negocio que se afectuase.

"4. Que el demandado aceptó la agencia expresada . . .

"5. Que después de haber el demandado empleado un largo tiempo . . ., el repetido Pedro Moczó y Baniet, allá por los meses de septiembre y octubre de 1923, aceptó el negocio propuesto por el demandante, y se convino en llevar a efecto el negocio propuesto por el demandante, o sea la compraventa de los repetidos bienes, con excepción de tres fincas, por el precio de $40,000.

"6. Que el demandante personalmente llevó al Sr. Pedro Moczó y Baniet donde el demandado para los fines arriba indicados, y cerrado el negocio, se llevó a efecto la escritura procedente el día 2 de enero de 1924.

"7. Que las tres fincas del demandado Bernardo Fernández Porrero no incluídas en dicha venta tienen un valor de $9,000.00, siendo dichas tres fincas . . .

"8. Que, según información y creencia de la parte demandante, el demandado Bernardo Fernández ha vendido las dos propiedades descritas en el párrafo anterior bajo los números 1 y 2, y tiene alquilada la casa descrita bajo el número 3, siendo 'el valor de las tres propiedades $9,000.00; que el demandado se ha negado a pagar al demandante el importe de las precitadas sumas de $5,000.00 y $9.000.00 o sea un importe de $14,000.00.

"9. Que al ocurrir los hechos alegados . . . el demandado Bernardo Fernández Porrero estaba casado con doña Rosalía Martínez Llonín, quien falleció . . .

"Segunda causa de acción.—2. Que allá por la época mencionada

en el párrafo anterior, el demandado Bernardo Fernández Porrero utilizó los servicios del demandante para gestionar la venta de los bienes raíces del demandado arriba descritos, entendiéndose entre dicho demandado Bernardo Fernández Porrero y el demandante que aquél pagaría a éste el valor de sus servicios en las repetidas gestiones.

"3, 4, 5, y 6. Idénticos.

"7. Que el valor de los mencionados servicios prestados por el demandante al demandado Bernardo Fernández Porrero es de $14,000.00.

"9. Idéntico."

Basta la mera exposición de esos hechos para concluir que no se trata de un caso en que pueda el Secretario, de acuerdo con el No. 1 del art. 194 del Código de Enjuiciamiento Civil, registrar por sí mismo, sin intervención de la Corte, una sentencia en rebeldía condenando a la Sucesión de Rosalía Martínez a pagar al demandante los catorce mil dólares que en su demanda reclama.

Las decisiones de esta Corte en las cuales se ha interpretado el art. 194, No. 1, del Código de Enjuiciamiento Civil son varias. Bastará referirnos a la del caso de *Benítez* v. *Corte de Distrito,* 36 D.P.R. 450, en la cual se transcribió, a fin de que sirviera de guía a las Cortes de Distrito, gran parte del razonamiento de la de la Corte Suprema de California en el caso de *Landwehr* v. *Gillette,* 174 Cal. 654, interpretando un precepto similar al que rige en Puerto Rico. Véanse también los casos de *Congress Cigar Co.* v. *Angelina Grau,* resuelto el 15 de marzo actual, (ante pág. 649) y *Rivera* v. *Corte de Distrito de San Juan,* decidido en el día de hoy (ante, pág. 817).

Aquí se trata de un pleito iniciado contra Bernardo Fernández basándose en un contrato que se dice celebrado con él por virtud del cual le encomendó al demandante la gestión de la venta de bienes de su pertenencia ofreciendo pagarle por su trabajo cinco mil dólares y además todo lo que se obtuviera por encima de cierta cantidad fijada a dichos bienes, en cuyo pleito compareció el demandado y negó la cele-

bración de tal contrato sin que conste que el pleito haya ido a juicio y se haya resuelto por sus méritos. En la demanda se dijo que al ocurrir los hechos alegados el demandado Fernández estaba casado con doña Rosalía Martínez, y como ésta dejara de existir pendiente el pleito se incluyó como demandados a su albacea y a sus herederos y como dejaran de contestar separadamente, se anotó su rebeldía y se pidió al Secretario que dictara como dictó sentencia por sí mismo condenándolos al pago de la totalidad de la reclamación.

Es muy dudoso que dados los hechos que en la demanda se exponen hubiera podido registrarse una sentencia en rebeldía por el Secretario contra Bernardo Fernández. Que no pudo registrarse contra su esposa o contra su Sucesión, es evidente.

No surge relación contractual alguna a virtud de la cual los herederos de la esposa deban responder. El contrato de agencia se celebró con el esposo para la venta de bienes de su propiedad. Para sostener como sostiene en su alegato el apelante que se trataba de bienes que tenían la presunción legal de gananciales, no bastaba alegar que el contrato se celebró estando casado Fernández con la causante de los herederos demandados, sino que los bienes sobre los cuales versó se adquirieron constante el matrimonio. Otras razones existen que sostienen la corrección de la resolución recurrida.

Bajo las circunstancias que aquí concurren la sentencia registrada por el Secretario puede considerarse como una mera nulidad, pudiendo en su consecuencia hacerse tal declaración por la corte competente después de transcurrido el término que fija el art. 140 del Código de Enjuiciamiento Civil.

De haberse solicitado la desestimación de esta apelación por frívola no hubiera tardado tanto en resolverse el recurso. Su vista se celebró en febrero de 1932 sin informe de los abogados de las partes, concediéndose al de la apelante por estipulación que hiciera con el de la apelada un término para la presentación de un alegato adicional, término que fué ex-

tendiéndose a virtud de mociones presentadas. En la última, que lo fué en enero 7, 1933, se solicitó una prórroga de tres días, sin que dentro de ella ni después se llegara a archivar el alegato.

*Debe declararse sin lugar el recurso y confirmarse la resolución apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.