R. Ruiz & Co., demandante y apelada, *v.* Francisco Rivera, demandado y apelante.

No. 6425.—*Sometido:* Febrero 12, 1935.—*Resuelto:* Febrero 21, 1935.

*E. Martínez Avilés,* abogado del apelante; *Ángel A. Vázquez,* abogado de la apelada.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

En 27 de mayo de 1931, la sociedad mercantil R. Ruiz & Co. radicó demanda en la Corte de Distrito de Arecibo, en cobro de dinero, contra el demandado Francisco Rivera, a quien abrió una cuenta corriente en su establecimiento, donde el demandado compró a la demandante varias partidas de mercaderías que le fueron entregadas por valor de $2,846.14. Se alega en la demanda que el demandado satisfizo la suma de $1,980.95, que la referida cuenta corriente fué liquidada el día 30 de abril de 1928, que dicho demandado, a quien se envió por correo la liquidación a su residencia en Morovis, la aceptó en una de las frecuentes visitas que hiciera al establecimiento de la demandante, y que de acuerdo con la mencionada liquidación el demandado queda adeudando a la demandante la cantidad de $865.19, siendo la referida deuda líquida y exigible.

Negó el demandado los hechos alegados en la demanda y estableció contra la misma la defensa de cosa juzgada. La corte inferior dictó sentencia condenando al demandado a satisfacer la suma reclamada con sus intereses legales desde el día 27 de mayo de 1931, hasta su pago, más las costas y honorarios de abogado. El recurso interpuesto se basa en la defensa especial de cosa juzgada, que según el apelante fué desestimada erróneamente por la corte inferior declarando que no había sido probada. Refiriéndose a la cuestión planteada dice el tribunal sentenciador:

"El caso civil número 10928 fué seguido por R. Ruiz & Co. versus Francisco Rivera, en reclamación de la misma cantidad que ahora se cobra por la presente acción. La demanda fué radicada en 3 de mayo de 1929; Francisco Rivera fué emplazado el día 6 de mayo del mismo año; y, no habiendo interpuesto alegación alguna, en 21 de mayo de 1929 se presentó por la actora moción interesando la anotación de su rebeldía y sentencia. El secretario de este tribunal dictó una sentencia en rebeldía el día primero de julio de 1929, la cual fué notificada al demandado el 26 de julio del propio año. En 12 de noviembre de 1931, la demnadante radicó moción solicitando la nulidad de dicha sentencia, por el fundamento de haber sido dictada por el secretario, contraviniéndose la doctrina establecida en el caso de Benítez v. Corte de Distrito, 36 D.P.R. 450, y la corte, atendiendo a tan justa demanda, anuló el mismo día la sentencia. Una vez anulado el fallo, la demandante desistió de su acción. De modo que no existe sentencia alguna en el caso 10928, que no sea la de desistimiento."

La parte apelante entiende que la sentencia dictada en rebeldía es válida y no debió haber sido anulada a solicitud del demandante y sin conocimiento del demandado, sobre todo después de haber establecido la defensa de cosa juzgada. Se arguye que en la demanda anterior se alegó que la cuenta había sido liquidada y que el demandado había aceptado la liquidación. Así es en efecto, pero el demandado apelante se olvida de que en dicha sentencia se le condenó a satisfacer la suma principal, intereses, costas, gastos y honorarios de abogado. La demandante reclamó estos honora-

rios y el secretario dictó sentencia de acuerdo con la súplica de la demanda. En *Landwehr* v. *Gillette,* 174 Cal. 654, citado con aprobación por este tribunal en *Benítez* v. *Corte de Distrito,* 36 D.P.R. 450, uno de los demandados suscribió un pagaré comprometiéndose a pagar al demandante la suma principal y además la cantidad que la corte pudiese considerar razonable como honorarios de abogado en caso de reclamación judicial. Se alegó en la demanda que la suma de $500 se estimaba razonable como honorarios de abogado en dicho pleito. Los demandados fueron declarados rebeldes y el secretario dictó sentencia, condenándolos a satisfacer la suma reclamada, incluyendo $500 para honorarios de abogado. Posteriormente uno de los demandados solicitó la nulidad de la sentencia y la Corte Superior del Condado de Los Angeles accedió a lo solicitado. En apelación la Corte Suprema de California sostuvo a la corte inferior, por entender que la sentencia dictada por el secretario era nula. En nuestro caso no se convinieron honorarios, pero se reclamaron en la demanda y se condenó al demandado a satisfacerlos, aunque sin especificar su cuantía. Es claro que el secretario actuó sin autoridad en lo que se refiere al pronunciamiento sobre honorarios. La facultad de dicho funcionario para dictar sentencia en rebeldía es puramente ministerial. En el ejercicio de esta facultad el secretario debe ajustarse estrictamente a lo dispuesto en el inciso primero del artículo 194 del Código de Enjuiciamiento Civil, o de lo contrario la sentencia dictada será nula. Así lo ha decidido la Corte Suprema de California en el mencionado caso de *Landwehr* v. *Gillette,* donde se citan, en apoyo de esta doctrina, varias decisiones del mismo tribunal.

Este es un caso en que ni el secretario ni la corte hubiesen podido conceder honorarios, porque de acuerdo con el artículo 327 del Código de Enjuiciamiento Civil no pueden concederse honorarios de abogado para ser incluídos en las costas que se impusieren a un demandado que no hubiera radicado su comparecencia en una acción o procedimiento. La

demandante pidió que se dejara sin efecto la sentencia, dictada por el secretario en exceso de sus atribuciones, y la corte así lo ordenó. Opinamos que el demandado no puede basarse en la referida sentencia para establecer la defensa de cosa juzgada.

*Debe confirmarse la sentencia apelada.*