PAULA SEVERINA VALCÁRCEL, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE RÍO PIEDRAS, recurrido.

Número 1299.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 12 de febrero de 1954.

*R. R. Rivera Correa,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

Por resolución de 4 de mayo de 1950 el anterior Tribunal de Distrito de Puerto Rico, Sección de San Juan, declaró jus-

tificado el dominio a favor de Paula Valcárcel, de un solar de 325.25 metros cuadrados sito en el barrio Canóvanas de Loíza. Consta de dicha resolución que la promovente Paula Severina Valcárcel adquirió el referido solar por compra a Luis Martínez Valcárcel y su esposa, según la escritura número 43 de 4 de junio de 1949, otorgada ante el notario R. R. Rivera Correa y que Luis Martínez Valcárcel la hubo a su vez por compra a los Hermanos Albandoz en 1948. Consta además de dicha resolución que el indicado solar *"está afecto solamente a una deuda de $1,371 del precio aplazado de la venta a favor de los Hermanos Albandoz."* (Bastardillas nuestras.) La susodicha resolución de dominio fué inscrita en el Registro de la Propiedad el 24 de agosto de 1950, al folio 140 del tomo 38 de Loíza, finca número 1692, inscripción primera, "afecta a la mención de deuda relacionada en el documento."

Posteriormente y con el propósito de que se cancelara la indicada mención, la recurrente presentó en el Registro copia certificada de la escritura número 27 de 21 de febrero de 1953 otorgada ante el notario Ricardo R. Rivera Correa, y en virtud de la cual los hermanos José, Clemente, Serafina, Ignacia, Fernando y Ángel Luis Albandoz Carrasquillo y sus sobrinos Ena y Edgar Navas Albandoz, como herederos de Gloria María Albandoz, dieron carta de pago a la recurrente y consintieron en la cancelación de la mención a que estaba afecta su finca. A instancias del Registrador, la recurrente acompañó más tarde a dicho documento, copia de la escritura de venta del mismo solar otorgada por los Albandoz a favor de Luis Martínez Valcárcel, de quien a su vez traía título la recurrente. Con vista de estos documentos el Registrador denegó la cancelación solicitada, mediante la siguiente nota:

"Denegada la inscripción de la cancelación de mención de precio aplazado que comprende este documento, con vista de otros, porque figurando la mención en el Registro a favor de la entidad 'Hermanos Albandoz' no se establece con certeza que los acreedores que ahora cancelan sean los mismos y todos los miembros componentes de Hermanos Albandoz. La escritura número 58

otorgada en Loíza a 22 de mayo de 1948 ante el notario Ricardo R. Rivera Correa, producida con posterioridad, no establece esta certeza, si que pone de relieve el hecho de que este solar, inscrito a virtud de un expediente de dominio tramitado en el Tribunal de Distrito de San Juan, núm. 49-2182, aprobado en mayo 4 de 1950, es segregación de la finca inscrita al folio 160 del tomo 28 de Loíza, habiéndose por tanto creado en este Registro el conflicto de una duplicidad de fincas, situación que deberá aclararse en los tribunales de justicia. Se toma anotación preventiva por 120 días al margen de la Inscripción 1ª de la finca 1692, al folio 140 del tomo 38 de Loíza."

 Se aduce como primer motivo en la nota denegatoria que en los documentos presentados no se identifica suficientemente al titular registral de la mención de deuda, o sea a los Hermanos Albandoz.[1] Convenimos con el Registrador en que en un caso como el de autos, no procede la cancelación a menos que en la escritura presentada a ese fin exprese su consentimiento para la cancelación la persona a cuyo favor se hizo la inscripción, o sus causahabientes o representantes legítimos. Dispone en parte el artículo 82 de la Ley Hipotecaria, que "Las inscripciones o anotaciones preventivas, hechas a virtud de escritura pública, no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de apelación, o por otra escritura o documento auténtico en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiese hecho la inscripción o anotación, o sus causahabientes o representantes legítimos." Dispone además dicho artículo que "Las inscripciones o anotaciones hechas en virtud de mandamientos judiciales no se cancelarán sino por providencia ejecutoria . . . ." Si bien en este caso la inscripción de la mención se verificó en virtud de resolución judicial, no es necesario el mandato judicial para proceder a la cancelación, pudiendo hacerse voluntariamente en

---

[1] A pesar de que *Hermanos Albandoz* aparece en la nota denegatoria del registrador entre comillas y éste le llama entidad, en la resolución de dominio no aparecen dichas comillas ni se desprende de ella que se trate de una entidad, con personalidad distinta a la de sus componentes.

virtud de escritura pública. 1 Morell, Legislación Hipotecaria, pág. 443; 3 Roca Sastre, Derecho Hipotecario, pág. 622; Resolución de la Dirección General de los Registros y del Notariado, de 29 de enero de 1940. El citado artículo 82 es igualmente aplicable a las concelaciones de menciones. Véase 3 Morell, ob. cit., a las páginas 523 y siguientes.

■ En cuanto al primer fundamento de la nota recurrida, la cuestión se reduce a determinar si de los documentos presentados en el registro para cancelar la mención de deuda quedan identificados los que consintieron en la cancelación como las personas a cuyo favor se inscribió la referida mención. A nuestro juicio son suficientes. Veamos. Por la escritura número 58 otorgada el 22 de mayo de 1948 ante el notario Ricardo R. Rivera Correa, (²) los hermanos Ángel Luis, Fernando Benito, Serafina, José, Clemente e Ignacia Albandoz Carrasquillo y el Dr. Antonio Navas, viudo de Gloria Albandoz Carrasquillo, (³) vendieron a Luis Martínez Valcárcel, la siguiente finca:

"Urbana: Solar, radicado en el barrio 'Canóvanas', del término municipal de Loíza, Puerto Rico, y ubicado hacia la prolongación hacia el Norte de la Calle Calderón Mujica de Loíza, Puerto Rico, el cual mide diez y ocho pies y digo, diez y ocho metros y cincuenta centímetros de frente por diez y seis metros y cincuenta centímetros de fondo, o sea de una cabida superficial de TRESCIENTOS CINCO METROS CUADRADOS con veinticinco centésimas, (305.25 m. c.), marcado con el número Diez A. y en lindes por su frente que es el Oeste, con la prolongación de la Calle Calderón Mujica; por su fondo, (Este) con solar número Once A, (II-A) de la Urbanización Albandoz; por su izquierda entrando,

---

(²) Éste fué uno de los documentos que la recurrente acompañó a la escritura de carta de pago.

(³) Aunque el Dr. Navas comparece en la escritura de venta, presumimos que lo hizo en representación de sus hijos habidos en su matrimonio con Gloria Albandoz y así indudablemente lo determinó el tribunal que aprobó la información de dominio, al no mencionar en su resolución al Dr. Navas como uno de los acreedores.

que es el Norte, con la Calle José Albandoz Vergara; y por su izquierda, con solar número Nueve A, de la Urbanización Albandoz."

El precio de venta convenido en dicha escritura fué de $1,381, de los cuales confesaron los vendedores haber recibido la suma de $10 y los restantes $1,371 los pagaría el comprador tan pronto se efectuase determinada urbanización y por razón de ésta, el solar resultare inscribible en el Registro de la Propiedad. En la resolución dictada en el expediente de dominio se hace constar que quedó probado que Luis Martínez Valcárcel y su esposa Isabel Walker, vendieron esa misma finca afecta a la misma carga, a Paula Severina Valcárcel por la escritura número 43 de 4 de junio de 1949 otorgada ante el notario R. R. Rivera Correa.

Después de adquirir la finca por compra a Luis Martínez Valcárcel, la recurrente tramitó el expediente de dominio que culminó en la resolución que fué inscrita en el Registro de la Propiedad, con la mención de que el inmueble estaba afecto a una deuda de $1,371 del precio de venta a favor de los Hermanos Albandoz.

Posteriormente, o sea, en 21 de febrero de 1953, Ángel Luis, Fernando Benito, José, Serafina, Clemente, Ignacia Albandoz Carrasquillo y los herederos de Gloria María Albandoz Carrasquillo, otorgaron escritura de carta de pago a favor de la recurrente, haciendo constar que ellos eran los Hermanos Albandoz, a cuyo favor se inscribió la mención de deuda por precio aplazado, y consintieron en su cancelación.

La finca vendida por estos hermanos Albandoz a Luis Martínez Valcárcel, es la misma finca que éste a su vez vendió a la recurrente Paula Severina Valcárcel, y cuya inscripción se ordenó en el Registro por resolución dictada en el expediente de dominio. La descripción de la finca hecha en la resolución aprobando el expediente de dominio corresponde fielmente con la descripción de la finca vendida originalmente por los hermanos Albandoz a Luis Valcárcel Martínez. Lo mismo

ocurre con la suma aplazada como parte del precio de venta. ¿Qué duda puede haber de que los hermanos Albandoz, mencionados en el Registro, sean los mismos hermanos Albandoz que consienten en la cancelación? No puede haber duda de que los acreedores Albandoz que figuran en el Registro y quienes eran los dueños originales de la finca, son los mismos que consienten en la cancelación. No debió negarse la cancelación por el motivo señalado en la nota recurrida.

■ Lo expresado en la segunda parte de la nota recurrida no justifica la denegación de la inscripción de la cancelación de mención. No se opone a la inscripción solicitada el hecho de que el solar inscrito en el Registro a virtud del expediente de dominio sea una segregación de una finca inscrita al folio 160 del tomo 28 de Loíza. La inscripción del solar a virtud del expediente de dominio creó en el Registro un estado de derecho favorable a la recurrente y el Registrador no tiene facultad para alterarlo sin su consentimiento, a no ser que así lo ordene el tribunal competente. *Puffer* v. *Registrador*, 61 D.P.R. 40. Correcta o incorrecta, dicha inscripción subsiste hasta que sea debidamente anulada o cancelada. *Noriega* v. *Registrador*, 44 D.P.R. 323; *Hernández* v. *Registrador*, 67 D.P.R. 452; *Rosado* v. *Registrador*, 68 D.P.R. 594; 3 Morell, ob. cit., página 443.

*Debe revocarse la nota recurrida y ordenarse la inscripción de la cancelación de mención.*